UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GAINES, | Case No. 2:21-cv-00808-KJM-JDP (PS) |
| Plaintiff, | SCREENING ORDER |
| v. | ORDER DIRECTING SERVICE OF FIRST AMENDED COMPLAINT AGAINST DEFENDANT LANGURAND |
| LANGURAND, *et al.*, | |
| Defendants. | ECF No. 3 |
| | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS |
| | ECF No. 2 |
| | ORDER DENYING REQUEST |
| | ECF No. 4 |

Plaintiff claims that her husband's parole officer and Doe defendants created a risk of harm and failed to protect her against domestic abuse in violation of the Fourteenth Amendment Due Process Clause of the U.S. Constitution and state law. ECF No. 3 at 1-2. Her first amended complaint is before the court for screening under 28 U.S.C. § 1915(e).

Plaintiff's husband, Christopher Gaines, is a violent offender on parole under the supervision of parole officer Langurand, a defendant. ECF No. 3 at 2. In or around 2021, Gaines "subjected [plaintiff] to several months of physical, verbal, and emotional abuse." *Id.* Plaintiff

1

1    contacted the Vallejo Parole Office and, after learning that Langurand was her husband's parole
2    officer, informed him that her husband had physically assaulted her on April 12, 2021, in
3    American Canyon, California.  *Id.*  Plaintiff also told Langurand that Gaines possessed a handgun
4    and had used violence against her on prior occasions.  *Id.*

5          Plaintiff called the parole office again on April 20, 2021.  Although Langurand was
6    unavailable, she received an update on Gaines' case and left Langurand a message.  *Id.* at 3.  On
7    the morning of April 22, she talked with Langurand, who told her that Christopher would be
8    called in and arrested based on her report of domestic violence.  *Id.*  Later that day, Langurand
9    called plaintiff and told her that Christopher had been arrested.  *Id.*  Plaintiff alleges that officers
10   of the American Canyon Police Department—named as Doe defendants—transported Christopher
11   to Napa County jail.  *Id.*

12         Langurand did not request or lodge a parole hold against Christopher, and it appears that
13   Christopher was released a short time after his arrest and transport.  *Id.*  Neither Langurand nor
14   Doe defendant police officers warned plaintiff that Christopher would be, or had been, released.
15   Less than four hours later, Christopher started making "annoying and threatening phone calls" to
16   plaintiff, blaming her for his arrest and threatening that "he was going to shoot up her house and
17   kill her family."  *Id.*  Plaintiff lives in constant fear that Christopher will harm her and her family.
18   *Id.*  Christopher apparently is "at large, armed and dangerous, and continues to make annoying
19   and threatening phone calls to plaintiff and stalk her residence."  *Id.*

20         Plaintiff's 42 U.S.C. § 1983 claim, which stems from the Due Process Clause, is a non-
21   detainee, failure-to-protect claim against Langurand and Doe defendants based on the release of
22   her husband after she reported his domestic abuse while he was on parole.  To state such a claim,
23   plaintiff must allege that defendants "recognized an unreasonable risk and actually intended to
24   expose the plaintiff to such risk."  *Herrera v. Los Angeles Unified Sch. Dist.*, 18 F.4th 1156, 1161
25   (9th Cir. 2021) (citing *Martinez v. City of Clovis*, 943 F. 3d 1260, 1274 (9th Cir. 2019)).  Here,
26   plaintiff alleges that defendants knew that Christopher had with a history of violence against her,
27   and that defendants nonetheless released him—even though defendants knew both that
28   Christopher had access to a gun and that Christopher had been told that plaintiff had reported his

2

1   abuse—without warning or otherwise protecting plaintiff.  Plaintiff's allegations, liberally

2   construed as they must be given her unrepresented status, are sufficient to state a Due Process

3   claim against defendants.

4         Plaintiff also alleges that Langurand and Doe defendants breached their duty to warn and

5   protect under the California Tort Claims Act, Cal. Gov't Code §§ 810-996.6.  Officers are not

6   generally liable for failure to take an affirmative act to protect a plaintiff from harm by a third

7   person.  *Zelig v. Cty. of Los Angeles*, 27 Cal. 4th 1112, 1129 (2002).  "Liability may be imposed

8   if an officer voluntarily assumes a duty to provide a particular level of protection, and then fails to

9   do so, or if an officer undertakes affirmative acts that increase the risk of harm to the plaintiff."

10  *Id.* (internal citations omitted).  This affirmative duty may arise out of a special relationship with

11  either the plaintiff or the individual who commits the harm.  *Id.*  For screening purposes, plaintiff

12  has alleged sufficient facts to make out a tort claim against defendants based on their alleged

13  special relationships with Christopher.

14        Plaintiff states cognizable claims against Langurand and Doe defendants.[1]  Thus, I

15  authorize service of the first amended complaint against Langurand.  Plaintiff has also filed a

16  request, ECF No. 4, as to the timing of the screening of her complaint.  Considering that

17  plaintiff's complaint has now been screened, this request is denied as moot.

18        Plaintiff also moves to proceed without prepayment of filing fees, ECF No. 2.  Plaintiff's

19  affidavit satisfies the requirements to proceed without prepayment of fees, and so the motion,

20  ECF No. 2, is granted.  *See* 28 U.S.C. § 1915(a).

21        Accordingly, it is hereby ordered that:

22        1. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is granted.

23        2. Plaintiff's request, ECF No. 4, is denied.

24        3. This action may proceed against defendants Langurand and Doe officers, whose

25  identity must be ascertained and provided to the court.

26        4. Service is appropriate for defendant Langurand, a parole officer in Vallejo, California

---

[1] The Doe defendants cannot be served until their identities are ascertained.  Plaintiff may seek leave to amend once she has identified these individuals.

1  during April 2021.

2      5. Within thirty days of the date of this order, plaintiff shall complete the attached Notice
3  of Submission of Documents and submit the completed Notice to the court with the following
4  documents:

5          a.    a completed summons for each defendant;

6          b.    a completed USM-285 form for each defendant; and

7          c.    two copies of the signed June 24, 2021, first amended complaint.

8      6. Plaintiff need not attempt service on defendant and need not request waiver of service.
9  Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to
10 serve the above defendant pursuant to Federal Rule of Civil Procedure 4, without payment of
11 costs by plaintiff.

12     7. The failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   May 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GAINES, | Case No. 2:21-cv-00808-KJM-JDP (PS) |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| LANGURAND, *et al.*, | |
| Defendants. | |

Plaintiff hereby submits the following documents in compliance with the court's order:

    <u>  1  </u>    completed summons form

    <u>  1  </u>    completed forms USM-285

    <u>  2  </u>    copies of the June 24, 2021 first amended complaint

Dated:

                                                                            Plaintiff