| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JENNIFER GAINES,<br><br>         Plaintiff,<br><br>     v.<br><br>CARL LANGURAND,<br><br>         Defendant. | Case No. 2:21-cv-00808-KJM-JDP (PS)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART<br><br>ECF No. 13<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brings this action against her husband's parole officer, Carl Langurand, and Police Officer John Doe for having created a risk of harm and failing to protect her against domestic violence in violation of the Fourteenth Amendment Due Process Clause and state law. Officer Langurand moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that: (1) the Eleventh Amendment bars damages against him in his official capacity; (2) plaintiff has failed to state a claim because, contrary to plaintiff's allegations, Officer Langurand did impose a parole hold, which was disregarded by the Napa County Jail; (3) plaintiff's state law negligence claim is barred because she did not comply with the Government Claims Act; (4) Officer Langurand is immune as to the state law claims; and (5) plaintiff fails to state a claim under state law. ECF No. 13. Plaintiff opposes the motion. ECF No. 14. I will recommend that defendant's motion be granted in part.

**Plaintiff's Allegations**

At all relevant times, plaintiff's husband, Christopher Gaines, was a violent offender on parole under the supervision of Officer Langurand. ECF No. 3 at 2. In or around 2021, Christopher "subjected [plaintiff] to several months of physical, verbal, and emotional abuse." *Id.* In mid-April 2021, plaintiff contacted the Vallejo Parole Office and informed Officer Langurand that her husband had physically assaulted her on April 12, 2021. *Id.* Plaintiff also told Officer Langurand that Christopher had a handgun and had used violence against her on prior occasions. *Id.*

Plaintiff called the parole office again on April 20, 2021. *Id*. at 3. Although Officer Langurand was unavailable, plaintiff received an update on Christopher's case and left defendant a message. *Id*. On the morning of April 22, plaintiff spoke with Officer Langurand, who told her that Christopher would be called in and arrested based on her report of domestic violence. *Id.* Later that day, Officer Langurand informed plaintiff that Christopher had been arrested. *Id.* Plaintiff alleges that officers of the American Canyon Police Department—both named as Doe defendants—transported Christopher to Napa County Jail. *Id.*

According to plaintiff, Officer Langurand did not request or lodge a parole hold against Christopher, and it appears that Christopher was released a short time after his arrest. *Id*. Neither Officer Langurand nor the Doe defendant police officers warned plaintiff that Christopher would be, or had been, released. *Id.* Less than four hours after his release, Christopher began making "annoying and threatening phone calls" to plaintiff, blaming her for his arrest, and threatening "to shoot up her house and kill her family." *Id.* at 4. Plaintiff lives in constant fear that Christopher will harm her and her family. *Id.* She alleges that Christopher is "at large, armed and dangerous, and continues to make annoying and threatening phone calls to plaintiff and stalk her residence." *Id.*

Plaintiff brings two claims. First, she contends that defendants violated her due process rights by creating "a foreseeable risk of present and future domestic abuse" when Officer Langurand failed to place a parole hold, when the Doe defendants failed to request one, and when no defendant warned her that Christopher had been released. *Id*. at 1, 3-4. Second, she contends

2

1 that defendants "are liable under California law as they breached their duty to warn and protect."
2 *Id.* at 2. She seeks damages. *Id*. at 5.

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. Upon such a motion, the plaintiff party bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In contrast, a motion to dismiss for failure to state a claim tests the legal sufficiency of the claims. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint in the light most favorable to the non-movant. *Wyler Summit P'Ship v. Turner Bd. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can

provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Where a plaintiff appears without counsel in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

When a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). Leave to amend is not required where permitting further amendment to the pleadings would be futile. *See Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049-1050 (9th Cir. 2006).

**Request for Judicial Notice**

In relation to his motion to dismiss, Officer Langurand requests judicial notice of the following: (1) screen images obtained from the California Department of Corrections and Rehabilitation's Adult Parole Offender Management System showing that Officer Langurand placed a parole hold on Christopher on April 22, 2021; (2) a Parole Booking fax from the Napa County Jail to the State Parole office documenting Christopher's April 22, 2021 arrest with an accompanying "Napa County Criminal Justice System Arrest/Detention/Complaint Form" documenting a parole hold placed by Officer Langurand; (3) a copy of a Bail Bond issued by Aladdin Bail Bonds for Christopher in the amount of $50,000 documenting that Christopher was charged with California Penal Code § 3056 (a parole hold); (4) plaintiff's May 3, 2021 Government Claims Notice; and (5) records from the Napa County Superior Court in

1  Christopher's criminal case documenting that he entered a plea of nolo contendere or guilty to
2  domestic violence and other felony charges. *See* ECF No. 13-2.  Plaintiff opposes defendant's
3  request for judicial notice and asks that his motion to dismiss be converted to a motion for
4  summary judgment so that she may conduct discovery.  ECF No. 14 at 2.

5  "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not
6  subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th
7  Cir. 2018) (quoting Fed. R. Evid. 201(b)).  "A fact is 'not subject to reasonable dispute' if it is
8  'generally known,' or 'can be accurately and readily determined from sources whose accuracy
9  cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)).  The court "must
10 take judicial notice if a party requests it and the court is supplied with the necessary information."
11 Fed. R. Evid. 201(c)(2).

12 I will grant defendant's request for judicial notice of plaintiff's government claims notice.
13 Courts routinely conclude that government claims are proper subjects of judicial notice.  *See, e.g.*,
14 *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 811 (N.D. Cal. 2019) (taking judicial
15 notice of a government claim filed pursuant to the California Government Claims Act), *Kim v.*
16 *City of Belmont*, 2018 WL 500269, at *3 (N.D. Cal. Jan. 22, 2018) (taking judicial notice of a
17 government claim filed pursuant to the California Government Claims Act that was referenced in
18 the complaint but not physically attached to the pleadings).

19 I decline, however, to grant defendant's request for judicial notice as to the other items.
20 The bail bond, insofar as it is issued by a private entity, is not a proper subject for judicial notice.
21 *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) (noting that
22 government records are often appropriate for judicial notice, but emphasizing that "the records of
23 private parties have no such imprimatur of reliability . . .").  And I decline to take judicial notice
24 of the CDCR records documenting the parole hold that defendant placed on April 22, 2021.  The
25 Ninth Circuit has indicated that internal CDCR records "are neither generally known within the
26 trial court's territorial jurisdiction nor accurately and readily determined from sources whose
27 accuracy cannot be reasonably be questioned as required under Federal Rule of Evidence 201."
28 *Karas v. Cal. Dep't of Corr. & Rehab.*, No. 21-15905, 2023 WL 8889552, *3 n.3 (9th Cir. 2023)

(internal quotation marks omitted).  I further decline to take judicial notice of Christopher's criminal case as it is unnecessary to the resolution of the instant motion.

## Discussion

### A. Fourteenth Amendment Due Process

Plaintiff alleges that her due process rights were violated when Officer Langurand placed her at greater risk of domestic violence.  Specifically, she claims that defendant failed to impose a parole hold following Christopher's arrest and failed to warn her upon Christopher's release from jail.  Defendant's argument to the contrary rests on the booking sheet and records obtained from CDCR—which he requested that I take judicial notice of.  This argument does not succeed since, as I noted above, I find the CDCR records inappropriate for judicial notice.

Defendant also argues that, irrespective of the documents, plaintiff has failed to cite facts to support the conclusion that defendant failed to place a parole hold on her husband.  ECF No. 13-1 at 13.  At the pleading stage, however, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks omitted).  Having reviewed the complaint and construing it, as I must, in plaintiff's favor, I find that it sufficiently alleges a due process claim against defendant.

Defendant's other arguments fare better.  I agree with his contention that the Eleventh Amendment bars plaintiff's claims against him in his official capacity.  *See Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) ("The Eleventh Amendment also bars the Romanos' claims against the remaining defendants in their *official* capacities. The amendment prohibits actions for damages against an 'official's office,' that is, actions that are in reality suits against the state itself.").  And there is no indication that California has waived its sovereign immunity in this case.  I further agree that punitive damages are unavailable against defendant in his official capacity.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 263 (1981).

### B. State Law

Additionally, I find that plaintiff's state law claims should be dismissed for failure to

6

comply with the Government Claims Act. As noted by defendant, under California law no state tort claim may be brought again a public employee unless a plaintiff alleges compliance with the presentation requirements of the Government Claims Act. *See* Cal. Gov't Code §§ 905, 945.4, 950.2; *Karim-Panahi*, 839 F.2d at 627 ("Karim-Panahi's pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them to the City and the LAPD before commencing suit."). Here, plaintiff has not alleged such compliance, and judicially noticed documents indicate that she has not fulfilled her obligations under the act. She alleges only that she forwarded her claims to the State two days prior to filing this suit, which is not sufficient. ECF No. 3 at 4 (alleging that she forwarded her claim on May 3, 2021; plaintiff brought this action on May 5, 2021).

In dismissing the foregoing claims, I find that her official capacity claims for damages should be dismissed without leave to amend, since no conceivable amendment will abrogate the state's sovereign immunity. Her non-official-capacity state law claims that as of yet have not been presented under the Government Claims Act should be dismissed with leave to amend, since it is possible that she may comply with those requirements in the future.

**Conclusion**

Based on the foregoing, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 13, be GRANTED IN PART.

2. Plaintiff's official capacity claims for damages, including punitive damages, be DISMISSED without leave to amend.

3. Plaintiff's non-official capacity state law claims be DISMISSED with leave to amend.

4. The motion to dismiss be DENIED in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 9, 2024                    _____
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE