UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GAINES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LANGURAND,<br><br>　　　　Defendant. | Case No.  2:21-cv-0808-DC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, proceeding *pro se*, brings this case against Carl Langurand, a California Parole Officer; Napa Sheriff J. Plain; and an unnamed and unspecified number of "Doe" defendants. ECF No. 33 at 1-2.[1]  She alleges that defendants violated her state and federal rights when her abusive husband, Christopher Gaines, was released from a parole hold. *Id.* at 2-4.  After being released, Christopher Gaines allegedly sent her threatening messages and stalked her residence. *Id.* at 5.  Currently, only defendant Langurand has been served.  His counsel has filed a motion to dismiss, arguing, *inter alia*, that Langurand passed away on December 14, 2023.  ECF No. 37-3 at 9; *see also* ECF No. 30 at 1-2.  I now recommend that the claims against defendant Langurand

---

[1] Defendant's counsel argues that the second amended complaint should be dismissed because plaintiff did not, as the Federal Rules of Civil Procedure require, obtain either leave of the court or written stipulation or consent from defendant. ECF No. 37-3 at 5-9.  This argument is well taken, but, in light of plaintiff's *pro se* status, I decline to recommend dismissal on this basis.

1

be dismissed. If these recommendations are adopted, I will order defendant's counsel to identify, if possible, Langurand's successor within thirty days.[2] Thirty days after defendant's counsel submits that filing, plaintiff may file an amended complaint substituting the successor and remedying the faults with her claims against the other defendants, identified below.

### I. Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

### II. Analysis

#### A. Notice of Death

Defendant Langurand's counsel filed a notice of death indicating that he passed away on

---

[2] If identification is unsuccessful, defendant's counsel shall submit a filing indicating as much and providing a brief summary of counsel's efforts.

1  December 14, 2023.  ECF No. 30.  It goes without saying that a dead person cannot litigate or be
2  sued.  *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020) ("The
3  core observation is that the dead lack the capacities that litigants must have to allow for a true
4  Article III case or controversy.  We find this obvious, but sometimes stating the obvious is
5  necessary.").  When a defendant dies, however, a plaintiff may substitute their successor or
6  representative if the claims are not otherwise extinguished.  Fed. R. Civ. P. 25(a).  Such
7  substitution must occur within ninety days of: (1) the filing of a suggestion of death on the record;
8  and (2) the suggesting party's service of "other parties and nonparty successors or representatives
9  of the deceased with a suggestion of death in the same manner as required for service of the
10 motion to substitute."  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  The ninety-day clock
11 begins only once both steps are accomplished.  *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir.
12 2019).  The Ninth Circuit has emphasized that the burden of serving or, at the very least,
13 identifying the proper successor or representative lies with the suggesting party.  *Id.* at 866-67.

14      Defendant's counsel acknowledges that the notice in this case did not identify a successor,
15 and the record lacks proof of service on any nonparty successors or representatives; thus, the
16 ninety-day limitations period has not begun to run.  ECF No. 42 at 2-3.  In light of the foregoing,
17 I recommend that the claims against defendant Langurand be dismissed with leave to amend.  *See*
18 *Regan v. Dep't of Pub. Safety*, NO. 07-00029 JMS-BMK, 2007 U.S. Dist. LEXIS 77453, *13-14
19 (Dist. Haw. Oct. 17, 2007) (dismissing claims against deceased party with leave to amend so that
20 plaintiff could pursue them, if possible, against proper successor).  If that recommendation is
21 adopted, his counsel will be directed to identify the appropriate successor or representative for
22 those claims within thirty days.  Plaintiff shall have thirty days from the date of that filing to
23 submit an amended complaint against the successor or representative.

24      At this time, I find it unnecessary to consider the other arguments as to why the claims
25 against Langurand should be dismissed.

### B. Claims Against Sheriff Plain and Other Supervisory Defendants

27      As to the supervisory defendants added in the second amended complaint, I agree with
28 defendant that plaintiff has failed to allege any specific personal involvement in the violations of

3

1  her rights. The second amended complaint contains only vague assertions that these defendants
2  "condoned, ratified, or encouraged" Langurand's actions and that they failed to train Langurand
3  in how to handle domestic abuse cases. ECF No. 33 at 4-5. Section 1983 does not allow for
4  *respondeat superior* claims; a supervisory defendant is responsible only for his or her personal
5  actions or inaction. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not
6  be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat*
7  *superior*. . . . Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff
8  must plead that each Government-official defendant, through the official's own individual
9  actions, has violated the Constitution."). And vague assertions like those plaintiff advances,
10 devoid of specific claims as to how an individual supervisor was involved in an alleged rights
11 violation, are insufficient to state a claim. *See Pamer v. Schwarzenegger*, No. CIV S-07-1902-
12 MCE-CMK-P, 2010 U.S. Dist. LEXIS 135824, *28 (E.D. Cal. Dec. 22, 2010) ("Vague and
13 conclusory allegations concerning the involvement of supervisory personnel in civil rights
14 violations are not sufficient."). Accordingly, I recommend that these claims be dismissed with
15 leave to amend so that plaintiff may, if she can, remedy this deficiency. Any successful claim
16 against these supervisory defendants must identify what actions each took or failed to take.
17 Broad, collective allegations or vague assertions that they tacitly approved or failed to intervene
18 will not suffice.

19     **IV.    Conclusion**

20     Accordingly, it is RECOMMENDED that defendants' motion to dismiss, ECF No. 37, be
21 GRANTED in part[3] and plaintiff's claims be DISMISSED with leave to amend. If these
22 recommendations are adopted, I will order that defendant identify the appropriate successor or
23 representative for the claims against Langurand. Plaintiff shall have an opportunity to amend
24 once that identification is filed.

---

27  [3] I am recommending a partial grant insofar as the motion requests dismissal of the complaint without leave to amend. ECF No. 37-3 at 15-16. As discussed in the analysis, I find
28 leave to amend is warranted.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: April 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE