UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GAINES, | Case No.   2:21-cv-0808-DC-JDP (PS) |
| Plaintiff, | ORDER; FINDINGS AND RECOMMENDATIONS |
| v. | |
| LANGURAND, | |
| Defendant. | |

This action proceeds based on plaintiff's third amended complaint, ECF No. 49, wherein she alleges that defendant Carl Langurand ("defendant"),[1] a California Parole Officer, failed to protect her from her abusive husband.  ECF No. 49 at 1-2.  She claims that defendant promised her husband would be detained under a "no-bail parole hold," but that unnamed Napa County officials released him without notice to her.  *Id.*  Defendant has moved to dismiss the complaint, arguing that it concedes that a parole hold was placed on plaintiff's husband and communicated to officials at the Napa County Jail.  ECF No. 50 at 8-9.  Defendant also argues that plaintiff's state law claims fail as a matter of law and because plaintiff did not comply with the California Government Claims Act.  Plaintiff has filed an opposition, ECF No. 54, and defendant has not

_____

[1] In her complaint, plaintiff has named Martha Langurand as the relevant defendant, because Carl Langurand is deceased.  ECF No. 49 at 2.

1

submitted a reply.  After review of the pleadings, I recommend that defendant's motion to dismiss be granted and that the third amended complaint be dismissed without leave to amend.  In so recommending, I will deny plaintiff's motion to modify the scheduling order, ECF No. 56, and her motion for sanctions, ECF No. 58.  She may renew these motions if my recommendations are not adopted.

Motion to Dismiss

I.    Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.  Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

II.    Analysis

Plaintiff alleges that she is the wife of parolee Christopher Gaines and, in April 2021, while Gaines was on parole, she contacted Langurand and the officer assured her that her husband would be detained and held on a "no-bail parole hold." ECF No. 49 at 3. Despite these assurances, plaintiff alleges that her husband was released on fifty-thousand-dollar bail, subjecting her to harassment. *Id.* at 3-4.

Defendant argues that plaintiff's complaint concedes that he fulfilled his obligations to her by exercising a parole hold on Gaines and communicating that hold to officials at the Napa County Jail. Defendant is correct. The complaint alleges that Langurand "booked Gaines into [the] Napa County Detention Center and lodged a no-bail parole hold [against him]." *Id.* at 3. The decision to release her husband is allegedly attributable to either Napa County Sheriff J. Plain or unnamed "supervisory defendants" at the Napa County Jail. *Id.* at 3-4. Plaintiff also alleges that, with respect to her allegations that officials failed to protect her once Gaines was released, defendant relayed her safety concerns to an unnamed "Vallejo Parole Unit Supervisor" and that it was this individual who failed to act. *Id.* at 4. Based on these allegations, there is no indication that defendant violated plaintiff's rights in any way.

Additionally, defendant argues, and plaintiff does not contest, that her state law claims are barred by her failure to comply with the California Government Claims Act. "Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action." *Mohsin v. California Dep't of Water Res.*, 52 F. Supp. 3d 1006, 1017 (E.D. Cal. 2014) (quoting *Pac. Tel. & Tel. Co. v. Cnty. of Riverside*, 106 Cal. App. 3d 183, 188 (Ct. App. 1980)).

Plaintiff's opposition to the motion is procedural rather than substantive. She argues that, since Carl Langurand is deceased, he cannot bring a motion to dismiss. ECF No. 54 at 5. Previously, however, counsel for defendant Langurand notified plaintiff and the court that, as of September 8, 2025, they had identified Martha Langurand as the "heir or successor-in-interest" and were representing her in this case in that capacity as of that date. ECF No. 47 at 1-2. Thus, it appears that substitution has occurred. To the extent it has not, plaintiff's claims against Langurand are subject to dismissal on that basis, as more than ninety days have passed since the

3

notice of death.  Fed. R. Civ. P. 25(a)(1).

Based on the foregoing, I recommend that defendant's motion to dismiss be granted. Dismissal of the claims against Langurand should be without leave to amend as any amendment would be futile, insofar as it would necessarily fail unless it directly contradicted her current allegations.

Remaining Allegations

The only other named defendant in the third amended complaint is Napa Sheriff J. Plain.[2] A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.* Here, plaintiff's allegations against Plain are inadequate to proceed.  She alleges only that Plain "conferred with his own supervisor before authorizing Gaines' release . . . ."  ECF No. 49 at 3-4. She offers no factual context for this claim, such as who Plain conferred with, or what information he had at the time of the "authorization" of the release.  Federal pleading standards demand more.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's previous claims against Plain were dismissed for the same reason.  ECF No. 44 at 3-4.  Thus, I find that further opportunities to amend her claims against defendants other than Langurand are unwarranted.

---

[2] The complaint also brings claims against an uncertain number of "Doe" defendants, but these individuals cannot be served until they are identified.  Additionally, plaintiff's claims against these defendants are too vague to proceed.  She does not identify what specific actions they took or what authority they had either to release Gaines or to protect her from him.

4

Conclusion

Accordingly, it is ORDERED that plaintiff's motion to modify the scheduling order, ECF No. 56, and motion for sanctions, ECF No. 58, are DENIED without prejudice to renewal if these recommendations are not adopted.

Further, it is RECOMMENDED that:

1.      Defendant's motion to dismiss, ECF No. 50, be GRANTED and the claims against Langurand be DISMISSED without leave to amend.

2.      Additionally, all claims against defendants other than Langurand be DISMISSED without leave to amend after screening for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within forty-five days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    May 27, 2026                          _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

5