UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER GAINES,

Plaintiff,

v.

LANGURAND, et al.,

Defendants.

Case No. 2:21-cv-00808-DC-JDP (PS)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF Nos. 50, 61)

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On May 27, 2026, the magistrate judge filed findings and recommendations which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 61.) Plaintiff filed objections on July 6, 2026. (ECF No. 62.) Defendant also filed objections but only to correct the statement in the findings and recommendations that Defendant had not filed a reply brief in support of the motion to dismiss because Defendant had filed a reply on January 9, 2026. (ECF No. 63.) The undersigned has considered Defendant's reply brief.

As for Plaintiff's objections, Plaintiff restates the procedural arguments she presented in her opposition to Defendant's motion to dismiss with regard to the substitution of Martha Langurand as the "heir or successor-in-interest" to deceased Defendant Langurand based on Federal Rule of Civil Procedure 25(a). (ECF Nos. 54 at 3–4; 62 at 2–4.) The magistrate judge has

already addressed and appropriately rejected those arguments. Notably, as the magistrate judge explained, because Defendant's counsel filed the amended notice of death on September 8, 2025, even if the substitution of Defendant had not yet occurred, Plaintiff should have filed a motion to substitute party pursuant to Federal Rule of Civil Procedure 25(a)(1) within 90 days of service of that notice, and her failure to do so is an additional reason to dismiss the claims brought against Defendant Langurand. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion [to substitute party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). In addition, Plaintiff invokes for the first time in her objections section 377.32 of the California Code of Civil Procedure, but that provision applies to deceased plaintiffs, not a deceased defendant. *See* Cal. Civ. Proc. Code § 377.32 ("The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article [Article 3 Decedent's Cause of Action], shall execute and file an affidavit or a declaration . . ."); *see also* Cal. Civ. Proc. Code § 377.31 ("On motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest."). Accordingly, Plaintiff's objections do not provide a basis upon which to reject the recommendation that her claims brought against Defendant Langurand be dismissed.

As to the claims brought against Defendant DOES California Parole Unit Supervisors, Defendant DOES Napa County Sheriff Supervisors, and Defendant Napa County Sherriff J. Plain, Plaintiff objects to the recommendation that those claims be dismissed without leave to amend, and objects on the ground that the magistrate judge misapplied the California Government Claims Act in concluding that her state law claims are barred. (ECF No. 62 at 6–10.) Plaintiff's objection is not well taken because Plaintiff's operative third amended complaint does not articulate any specific causes of action, let alone state a cognizable claim, despite Plaintiff having received several opportunities to amend her pleadings with guidance from the court on her pleading deficiencies. (*See* ECF Nos. 18, 19, 44, 45.)

In addition, although Plaintiff alleges in her third amended complaint that she delivered

her amended government tort claim to the State of California Office of Risk and Insurance Management on August 26, 2024, that submission is insufficient to satisfy the timing requirements of the California Government Claims Act, which requires a claim to be submitted "not later than six months after the accrual of the cause of action" (for claims related to "injury to person"). *See* Cal. Gov't Code § 911.2. Here, the underlying incident occurred in April 2021, several years before the amended tort claim was submitted. Moreover, Plaintiff alleges in her first amended complaint, filed on June 24, 2021, that the original government tort claim was allegedly submitted on May 3, 2021, and "the statutory 45 days to respond to Plaintiff's claims has elapsed and no response has been given." (ECF No. 3 at 4.) Thus, Plaintiff's amended government tort claim, submitted years later in August 2024, is untimely even under the statute providing for such amendments. *See* Cal. Gov't Code § 910.5 ("A claim may be amended at any time before the expiration of the period designated in Section 911.2 or before final action thereon is taken by the board, whichever is later, if the claim as amended relates to the same transaction or occurrence which gave rise to the original claim."). Therefore, the magistrate judge properly concluded that Plaintiff's state law claims are barred under the California Government Claims Act, particularly those claims brought against Defendant DOES California Parole Unit Supervisors, Defendant DOES Napa County Sheriff Supervisors, and Defendant Napa County Sherriff J. Plain, who were not even named in Plaintiff's pleadings until she filed her second amended complaint on December 9, 2024. (*See* ECF No. 33.)

The court has considered Plaintiff's remaining objections and finds that they do not provide a basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed May 27, 2026, (ECF No. 61) are ADOPTED;
2. Defendant Langurand's motion to dismiss Plaintiff's claims brought in her third amended complaint, (ECF No. 50) is GRANTED;
3. All claims brought against Defendant Langurand are DISMISSED without leave to amend;
4. Additionally, Plaintiff's claims brought in her third amended complaint against all other defendants are also DISMISSED without leave to amend due to Plaintiff's failure to state a cognizable claim for relief;
5. This action is DISMISSED; and
6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 21, 2026**

Dena Coggins
United States District Judge